FILED
2005 Mar-24 PM 02:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | CV 04-B-0984-S |
| MIKE HALE; JEFFERSON COUNTY ) | |
| COMMISSION; JEFFERSON ) | |
| COUNTY, ALABAMA; JEFFERSON ) | |
| COUNTY SHERIFF'S DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on Motion to Dismiss Amended Complaint, filed by defendants Sheriff Mike Hale and Jefferson County Sheriff's Department.[1] (Doc. 19.) Plaintiff James E. Perry has sued Sheriff Mike Hale and the Jefferson County Sheriff's Department, alleging defendants discriminated against him on the basis of his race and in retaliation for engaging in protected activity. He alleges causes of actions pursuant to Title VII and § 1983.[2] For the reasons set forth below, defendants' Motion to Dismiss Amended Complaint, (doc. 19), will be granted in part and denied in part.

---

[1] Defendants' Motion to Dismiss Amended Complaint seeks only dismissal of the plaintiff's 1983 claims against defendant Hale for compensatory and punitive damages. (Doc. 19, Ex. A at 4.)

[2] Plaintiff's Amended Complaint alleges, "This action is brought to redress a continuous pattern and practice of employment discrimination based on race and retaliation pursuant to . . . 42 U.S.C. § 1981 . . . through 42 U.S.C. § 1983 [and] the First and Fourteenth Amendment to the Constitution of the United States. (Doc. 13 at 1.) The court notes that the exclusive remedy for violations of the First and Fourteenth Amendments is section 1983.

### A.  DEFENDANT SHERIFF MIKE HALE

Defendants contend that defendant Hale is entitled to Eleventh Amendment immunity[3] from plaintiff's § 1983 claims for compensatory and punitive damages claims.  The court agrees.

The Eleventh Circuit has held:

> In *Parker v. Williams*, 862 F.2d 1471 (11th Cir.1989), this court held that the eleventh amendment barred a section 1983 lawsuit against an Alabama sheriff in his official capacity. In response to this court's certified question in *Parker*, the Supreme Court of Alabama held that a sheriff is an executive officer of the state of Alabama, and thus is immune from lawsuits under the state constitution, except for injunctive actions
>
>> (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.
>
> *Parker v. Amerson*, 519 So .2d 442, 443 (Ala. 1987)(construing Ala. Const. art. I, § 14).

*Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990).

---

[3]The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

U.S. CONST. amend. XI.  The Eleventh Amendment also prohibits suits by citizens against their own state.  *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990).

Clearly, plaintiff's § 1983 claims against defendant Hale in his official capacity as Sheriff, except his claims for prospective injunctive relief, are barred by Hale's Eleventh Amendment immunity. Defendants' Motion to Dismiss plaintiff's § 1983 claims for compensatory and punitive damages against Hale in his official capacity, (doc. 19), is due to be granted. All claims against Hale in his official capacity for compensatory and punitive damages will be dismissed with prejudice.[4]

**B. JEFFERSON COUNTY SHERIFF'S DEPARTMENT**

Pursuant to Alabama law, the Sheriff's Department is not a legal entity and not subject to suit. *See White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). Therefore, defendant's Motion to Dismiss all claims against the Jefferson County Sheriff's Department is due to be granted; such claims will be dismissed with prejudice.

**DONE** this 23rd day of March, 2005.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[4] The court notes that plaintiff's Title VII claims and his § 1983 claims for prospective injunctive relief remain pending against Hale.

3